UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERONICA JUDITH CORO TIPAZ,

Petitioner,

-v-

HAYNES, et al.,

Respondents.

26-CV-589 (JPO)

ORDER FOR APPEARANCE OF PRO
BONO COUNSEL

J. PAUL OETKEN, United States District Judge:

Petitioner Veronica Judith Coro Tipaz through next friend, Yuri Hovhannisyan, has filed

a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, while Petitioner was present in the

Southern District of New York.  (ECF No. 1.)

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case.  In

making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*,

802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial

merit; (2) whether the nature of the factual issues requires an investigation, and whether the

party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on

credibility, which benefits from the skills of those trained in presentation of evidence and cross

examination; (4) the party's overall ability to present its case; and (5) whether the legal issues

presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir.

2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for

Petitioner.  In particular, the location of Petitioner's detention, both currently and at the time the

petition was filed, presents complex jurisdictional and other legal questions.  Moreover,

Petitioner's abilities to present her case and conduct any related fact investigation are significantly limited due to her incarceration and the emergency nature of her petition.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]"  *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on her own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, she should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

**CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and Yuri Hovhannisyan at the addresses listed on the docket sheet for this action.  Yuri Hovhannisyan may receive court documents by email by completing the form, Consent to Electronic Service.

SO ORDERED.

Dated:   January 22, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge