UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

VERONICA JUDITH CORO TIPAZ,

Petitioner,

-against-

HAYNES, *et al.*,

Respondents.

26-CV-589 (JPO)

ORDER

J. PAUL OETKEN, United States District Judge:

Petitioner Veronica Judith Coro Tipaz, a native and citizen of Ecuador, entered the United States on or about August 31, 2024.  (ECF No. 8 at 1.)  Tipaz was charged with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.*)  On January 21, 2026, Tipaz was arrested and taken into custody by Immigration and Customs Enforcement ("ICE") while reporting for a scheduled check-in at 26 Federal Plaza, New York, New York.  (*Id.*)  The next day, Tipaz, through next friend, Yuri Hovhannisyan, filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241 seeking immediate release.  (ECF No. 1.)

Respondents concede that this Court's prior decision in *Yang v. Almodovar*, No. 25-CV-10265, 2025 WL 3678644 (S.D.N.Y. Dec 18, 2025), controls in the case before it now.  (ECF No. 8 at 3.)  As this Court stated in *Yang*, this Court and others overwhelmingly have held that § 1226(a) governs detention of noncitizens like Tipaz, who have been living in the United States. *Yang*, 2025 WL 367864, at *1 (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *2-4 (S.D.N.Y. Oct. 28, 2025); *Tumba Huamani*, 2025 WL 3079014, at *2-5.; *Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1-2 (S.D.N.Y. Nov. 18, 2025); *Barco Mercado v. Francis*, No. 25-

1

CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); *Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896, at *6-8 (S.D.N.Y. Dec. 15, 2025)).

For the reasons stated in *Yang* and by other courts in this district, this Court concludes that Tipaz was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Yang*, 2025 WL 367864, at *1 (citing *Lopez Benitez*, 795 F. Supp. 3d at 491). Section 1225(b)(2)(A) applies only to noncitizens actively "seeking admission" to the United States, and not to individuals like Tipaz who have already entered and have been residing in the country. *See, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d at 483-91. "To rule in Respondents' favor on this question would require adopting a reading of § 1225(b)(2)(A) and § 1226(a) that runs contrary to the text of the statutes, contemporaneously implemented regulations, and the purpose of recent amendments expanding the scope of mandatory detention for certain noncitizens involved in criminal conduct." *Yang*, 2025 WL 367864, at *1.

Because Tipaz's detention is governed by § 1226(a) and there is no evidence of an individualized assessment "sufficient to qualify as a valid exercise of discretion," *Lopez Benitez*, 795 F. Supp. 3d at 496, Tipaz's detention violates the Due Process Clause. *See, e.g.*, *Tumba Huamani*, 2025 WL 3079014, at *7.

Accordingly, the petition for a writ of habeas corpus is GRANTED. Respondents are hereby ORDERED to immediately release Tipaz from custody and certify compliance with this order by filing an entry on the docket no later than 12:00 p.m. on January 29, 2026.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 28, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

2